UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARK C. COMEAUX, **PLAINTIFF** | CIVIL ACTION NO. _____ |
| | SECTION _____ |
| VERSUS | JUDGE _____ |
| UNITED STATES OF AMERICA, **DEFENDANT** | MAGISTRATE _____ |

## COMPLAINT FOR REFUND AND ABATEMENT

**NOW INTO COURT**, through undersigned counsel, comes Mark C. Comeaux ("*Plaintiff*"), who files this complaint against the United States of America for refund and abatement of alleged civil penalties under 26 U.S.C. § 6672.  In support, the Plaintiff avers:

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1340 and 1346(a)(1).

2.

Plaintiff, Mark. C. Comeaux (SSN xxx-xx-5724), is a natural person of the full age of majority residing in Lafayette Parish, State of Louisiana, and whose address is 317 Trailwood Lane, Lafayette, Louisiana 70508.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1).

4.

Made defendant herein is the United States of America ("*Defendant*").

5.

This is a civil action against Defendant for a refund and an abatement of trust fund recovery penalties asserted by Defendant against Plaintiff.

6.

Behavioral Hospital of Baton Rouge, L.L.C. ("***BHBR***") (TIN 20-1631499) is a Louisiana limited liability company.

7.

Behavioral Hospital of Lutcher, L.L.C. ("***BHL***") (TIN 20-1270151) is a Louisiana limited liability company.

8.

Behavioral Hospital of Shreveport, L.L.C. ("**BHS**") (TIN 33-1054927) is a Louisiana limited liability company.

9.

Continuum Health Care Management, L.L.C. ("***CHM***") (TIN 20-1768326) is a Louisiana limited liability company.

10.

Upon information and belief, the majority member of BHBR, BHL, BHS, and CHM was/is Powerhouse Healthcare Management, L.L.C. ("***Powerhouse***")

11.

Upon information and belief, Powerhouse is a Nevada limited liability company, with a principal place of business in San Antonio, Texas.

12.

St. Luke Rehabilitation Hospital of Shreveport, L.L.C. ("*St. Luke*") (TIN 20-0826314) is a Louisiana limited liability company.

13.

Upon information and belief, Gary L. Cain ("*Cain*"), who is domiciled in Texas, is a manager of Powerhouse, BHBR, BHL, BHS, CHM, and St. Luke.

14.

Upon information and belief, at all relevant times, Cain and William Logan controlled St. Luke.

15.

Upon information and belief, Cain is designated as the "tax matters partner" of Powerhouse, BHBR, BHL, BHS, CHM, and St. Luke.

16.

Upon information and belief, Cain signed checks on behalf of BHBR, BHL, BHS, CHM, and St. Luke.

17.

Upon information and belief, Cain was the person primarily authorized to issue checks on behalf of BHBR, BHL, BHS, CHM, and St. Luke.

18.

Upon information and belief, checks issued on behalf BHBR, BHL, BHS, CHM, and/or St. Luke were printed and signed by Cain (or his staff) in San Antonio, Texas and disbursed from San Antonio, Texas, to directly creditors and vendors.

19.

Plaintiff worked for BHBR, BHL, BHS, CHM, and/or St. Luke in Lafayette, Louisiana.

20.

Upon information and belief, Cain made the decisions relating to which creditors or vendors of BHBR, BHL, BHS, CHM, and/or St. Luke were to be paid.

21.

Upon information and belief, Cain requested financial and/or cash reports from Plaintiff so that Cain could issue checks to creditors and vendors of BHBR, BHL, BHS, CHM, and/or St. Luke.

22.

Upon information and belief, Cain controlled the process by which funds were allocated to the creditors of BHBR, BHL, BHS, CHM, and/or St. Luke.

23.

Upon information and belief, funds were to be distributed according to Cain's instructions.

24.

Upon information and belief, Cain was responsible for collecting accounting for, and paying the withholding tax liabilities of BHBR, BHL, BHS, CHM, and/or St. Luke.

25.

Upon information and belief, Debbie Thibodeaux was authorized to use the Electronic Federal Tax Payment System ("*EFTPS*") to make Federal Tax Deposits ("*FTDs*") or payments on behalf of BHBR, BHL, BHS, CHM, and/or St. Luke.

26.

Upon information and belief, Cain signed and issued the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of BHBR, BHL, BHS, CHM, and/or St. Luke.

27.

Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of BHBR, BHL, BHS, CHM, and/or St. Luke.

28.

Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of BHBR, BHL, BHS, CHM, and/or St. Luke.

29.

Plaintiff did not have managerial control over BHBR, BHL, BHS, CHM, and/or St. Luke.

30.

Plaintiff was not a member of BHBR, BHL, BHS, CHM, and/or St. Luke.

31.

Plaintiff was not a manager of BHBR, BHL, BHS, CHM, and/or St. Luke.

32.

Plaintiff was not an officer or director of BHBR, BHL, BHS, CHM, and/or St. Luke.

33.

Plaintiff did have limited authority to sign payroll checks on behalf of BHBR, BHL, BHS, CHM, and/or St. Luke; however, this authority was exercised infrequently and only in

emergency situations upon express directive(s) from Cain, after such checks were printed in San Antonio, Texas, and after Cain determined what amounts would be paid to which payees.

34.

The very few incidents of Plaintiff's actual check signing, in each case, involved Cain and/or his staff in San Antonio, Texas, (i) making the determination as to the list of payees, (ii) printing the checks in San Antonio, Texas, and (iii) transmitting the actual printed checks to the Lafayette, Louisiana, with instructions for Plaintiff to sign the checks and disburse directly to the payees determined by Cain and/or his staff in San Antonio, Texas.

35.

Notwithstanding limited signatory authority vis-à-vis payroll situations, Plaintiff had no authority or discretion to make preliminary or final determinations as to which checks or payments on account should be prepared for issuance on behalf of BHBR, BHL, BHS, CHM, and/or St. Luke.

36.

Plaintiff did not determine which bills to pay or to whom the funds of BHBR, BHL, BHS, CHM, and/or St. Luke were disbursed.

37.

Plaintiff was not responsible for preparing, reviewing, approving, or filing federal tax returns and/or deposits of BHBR, BHL, BHS, CHM, and/or St. Luke.

38.

Plaintiff, at the request of Cain, reported a list of accounts payable to Cain, who made the determination as to what accounts payable should be paid, and when such accounts payable should be paid.

39.

Plaintiff could not have prevented Cain from paying the creditors of BHBR, BHL, BHS, CHM, and/or St. Luke ahead of Defendant.

40.

Plaintiff did not own stock, membership interests, or other equity in BHBR, BHL, BHS, CHM, and/or St. Luke.

41.

Plaintiff did not have the authority to hire or fire employees of BHBR, BHL, BHS, CHM, and/or St. Luke.

42.

Defendant assessed a "responsible person withholding penalty" under 26 U.S.C. § 6672 against Plaintiff for unpaid federal withholding taxes owed by BHBR in the amount of $188,123.20 (as of August 18, 2009) for the tax periods ending June 30, 2006, September 30, 2006, and December 31, 2006.

43.

Defendant assessed a "responsible person withholding penalty" under 26 U.S.C. § 6672 against Plaintiff for unpaid federal withholding taxes owed by BHL in the amount of $224,627.55 (as of August 12, 2009) for the tax periods ending June 30, 2006, September 30, 2006, December 31, 2006, and March 31, 2007.

44.

Defendant assessed a "responsible person withholding penalty" under 26 U.S.C. § 6672 against Plaintiff for unpaid federal withholding taxes owed by BHS in the amount of

$204,808.41 (as of August 14, 2009) for the tax periods ending June 30, 2006, September 30, 2006, and December 31, 2006.

45.

Defendant assessed a "responsible person withholding penalty" under 26 U.S.C. § 6672 against the Plaintiff for unpaid federal withholding taxes owed by CHM in the amount of $57,301.21 (as of August 7, 2009) for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, and December 31, 2006.

46.

Defendant assessed a "responsible person withholding penalty" under 26 U.S.C. § 6672 against the Plaintiff for unpaid federal withholding taxes owed by St. Luke in the amount of $305,352.79 for the tax periods ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, March 31, 2007, and June 30, 2007.

47.

In accordance with applicable law, Plaintiff has properly paid the tax for one employee for BHBR for each quarter in which Defendant asserts a 6672 penalty, with full reservation of rights.

48.

In accordance with applicable law, Plaintiff has properly paid the tax for one employee for BHL for each quarter in which Defendant asserts a 6672 penalty, with full reservation of rights.

49.

In accordance with applicable law, Plaintiff has properly paid the tax for one employee for BHS for each quarter in which Defendant asserts a 6672 penalty, with full reservation of rights.

50.

In accordance with applicable law, Plaintiff has properly paid the tax for one employee for CHM for each quarter in which Defendant asserts a 6672 penalty, with full reservation of rights.

51.

In accordance with applicable law, Plaintiff has properly paid the tax for one employee for St. Luke for each quarter in which Defendant asserts a 6672 penalty, with full reservation of rights.

52.

As of July 27, 2009, the total amount of such tax paid by Plaintiff, with full reservation of rights, is $10,489.  A copy of Plaintiff's payments to Defendant are attached hereto as Exhibit "A" and are incorporated herein by reference as if copied *in extenso*.

53.

Upon information and belief, Defendant has filed a Notice of Federal Tax Lien against Plaintiff for the 6672 penalties assessed by Defendant against Plaintiff.

54.

Using Form 843, Plaintiff requested a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with CHM.  A copy of each of the Form 843s submitted

by Plaintiff to Defendant relating to BHBR, BHL, BHS, CHM, and/or St. Luke are attached hereto as *in globo* Exhibit "B" and are incorporated herein by reference as if copied *in extenso*.

55.

Defendant disallowed Plaintiff's request for a refund and abatement of the 6672 penalties asserted against him by Defendant in connection with CHM. A copy of each notice of disallowance of request for refund and abatement received by Plaintiff from Defendant relating to BHBR, BHL, BHS, CHM, and/or St. Luke are attached hereto as *in globo* Exhibit "C" and are incorporated herein by reference as if copied *in extenso*.

56.

Using Form 843, Plaintiff requested a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHL.

57.

Defendant disallowed Plaintiff's requests for a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHL.

58.

Using Form 843, Plaintiff requested a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHS.

59.

Defendant disallowed Plaintiff's requests for a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHS.

60.

Using Form 843, Plaintiff requested a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHBR.

61.

Defendant disallowed Plaintiff's requests for a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with BHBR.

62.

Using Form 843, Plaintiff requested a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with St. Luke.

63.

Defendant disallowed Plaintiff's requests for a refund and abatement of the 6672 penalty asserted against him by Defendant in connection with St. Luke.

64.

Defendant has filed a Notice of Federal Tax Lien with the Clerk of Court for the Parish of Lafayette, State of Louisiana.  A copy of the Notice of Federal Tax Lien is attached hereto as Exhibit "D" and is incorporated herein by reference as if copied *in extenso*.

65.

In connection with BHBR, BHL, BHS, CHM, and St. Luke, Plaintiff is not a responsible person under 26 U.S.C. § 6672 and applicable case law.

66.

In connection with BHBR, BHL, BHS, CHM, and St. Luke, Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax.

### **COUNT I**

67.

The averments of paragraphs 1 through 66 are incorporated herein.

68.

Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 with respect to BHBR because, *inter alia*, (1) Plaintiff did not have managerial of BHBR; (2) Plaintiff did not sign the majority of check on behalf of BHBR; (3) Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of BHBR; (4) Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of BHBR; (5) Plaintiff did not determine which bills to pay or to whom the funds of BHBR; (6) Plaintiff did not sign payroll tax reporting forms; (7) Plaintiff could not prevent Cain from determining which of BHBR's creditors to pay; and (8) Plaintiff could not prevent Cain from paying creditors of BHBR ahead of Defendant.

69.

Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax because, *inter alia*, (1) Plaintniff did not make any conscious decision to pay creditors of BHBR in preference to Defendant; and (2) Plaintiff was not part of the decision making process as to which creditors of BHBR would be paid.

70.

Accordingly, Plaintiff is entitled to a judgment in his favor and against Defendant abating the assessment of 26 U.S.C. § 6672 penalties against him in connection with BHBR.

71.

Further, Plaintiff is entitled to a money judgment in his favor and against Defendant for any amount of tax paid to Defendant on account of the assessment of 6672 penalties against him in connection with BHBR.

## COUNT II

72.

The averments of paragraphs 1 through 71 are incorporated herein.

73.

Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 with respect to BHL because, *inter alia*, (1) Plaintiff did not have managerial of BHL; (2) Plaintiff did not sign the majority of check on behalf of BHL; (3) Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of BHL; (4) Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of BHL; (5) Plaintiff did not determine which bills to pay or to whom the funds of BHL; (6) Plaintiff did not sign payroll tax reporting forms; (7) Plaintiff could not prevent Cain from determining which of BHL's creditors to pay; and (8) Plaintiff could not prevent Cain from paying creditors of BHL ahead of Defendant.

74.

Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax because, *inter alia*, (1) Plaintiff did not make any conscious decision to pay creditors of BHL in preference to Defendant; and (2) Plaintiff was not part of the decision making process as to which creditors of BHL would be paid.

75.

Accordingly, Plaintiff is entitled to a judgment in his favor and against Defendant abating the assessment of 26 U.S.C. § 6672 penalties against him in connection with BHL.

76.

Further, Plaintiff is entitled to a money judgment in his favor and against Defendant for any amount of tax paid to Defendant on account of the assessment of 26 U.S.C. § 6672 penalties against him in connection with BHL.

## COUNT III

77.

The averments of paragraphs 1 through 76 are incorporated herein.

78.

Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 with respect to BHS because, *inter alia*, (1) Plaintiff did not have managerial of BHS; (2) Plaintiff did not sign the majority of check on behalf of BHS; (3) Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of BHS; (4) Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of BHS; (5) Plaintiff did not determine which bills to pay or to whom the funds of BHS; (6) Plaintiff did not sign payroll tax reporting forms; (7) Plaintiff could not prevent Cain from determining which of BHS's creditors to pay; and (8) Plaintiff could not prevent Cain from paying creditors of BHS ahead of Defendant.

79.

Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax because, *inter alia*, (1) Plaintiff did not make any conscious decision to pay creditors of BHS in preference to Defendant; and (2) Plaintiff was not part of the decision making process as to which creditors of BHS would be paid.

80.

Accordingly, Plaintiff is entitled to a judgment in his favor and against Defendant abating the assessment of 26 U.S.C. § 6672 penalties against him in connection with BHS.

81.

Further, Plaintiff is entitled to a money judgment in his favor and against Defendant for any amount of tax paid to Defendant on account of the assessment of 26 U.S.C. § 6672 penalties against him in connection with BHS.

## **COUNT IV**

82.

The averments of paragraphs 1 through 81 are incorporated herein.

83.

Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 with respect to CHM because, *inter alia*, (1) Plaintiff did not have managerial of CHM; (2) Plaintiff did not sign the majority of check on behalf of CHM; (3) Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of CHM; (4) Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of CHM; (5) Plaintiff did not determine which bills to pay or to whom the funds of CHM; (6) Plaintiff did not sign payroll tax reporting forms; (7) Plaintiff could not prevent Cain from determining which of CHM's creditors to pay; and (8) Plaintiff could not prevent Cain from paying creditors of CHM ahead of Defendant.

84.

Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax because, *inter alia*, (1) Plaitniff did not make any conscious decision to pay creditors of

Page 15 of 21

CHM in preference to Defendant; and (2) Plaintiff was not part of the decision making process as to which creditors of CHM would be paid.

85.

Accordingly, Plaintiff is entitled to a judgment in his favor and against Defendant abating the assessment of 26 U.S.C. § 6672 penalties against him in connection with CHM.

86.

Further, Plaintiff is entitled to a money judgment in his favor and against Defendant for any amount of tax paid to Defendant on account of the assessment of 26 U.S.C. § 6672 penalties against him in connection with CHM.

## COUNT V

87.

The averments of paragraphs 1 through 86 are incorporated herein.

88.

Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 with respect to St. Luke because, *inter alia*, (1) Plaintiff did not have managerial of St. Luke; (2) Plaintiff did not sign the majority of check on behalf of St. Luke; (3) Plaintiff was not authorized to sign or issue the subchapter-S election forms, stock certificates, income tax returns, and/or quarterly withholding tax forms for or on the behalf of St. Luke; (4) Plaintiff was not authorized to use EFTPS to make FTDs or payments on behalf of St. Luke; (5) Plaintiff did not determine which bills to pay or to whom the funds of St. Luke; (6) Plaintiff did not sign payroll tax reporting forms; (7) Plaintiff could not prevent Cain from determining which of St. Luke's creditors to pay; and (8) Plaintiff could not prevent Cain from paying creditors of St. Luke ahead of Defendant.

89.

Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax because, *inter alia*, (1) Plaintiff did not make any conscious decision to pay creditors of St. Luke in preference to Defendant; and (2) Plaintiff was not part of the decision making process as to which creditors of St. Luke would be paid.

90.

Accordingly, Plaintiff is entitled to a judgment in his favor and against Defendant abating the assessment of 26 U.S.C. § 6672 penalties against him in connection with St. Luke.

91.

Further, Plaintiff is entitled to a money judgment in his favor and against Defendant for any amount of tax paid to Defendant on account of the assessment of 26 U.S.C. § 6672 penalties against him in connection with St. Luke.

## **COUNT VI**

92.

The averments of paragraphs 1 through 91 are incorporated herein.

93.

Because Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 and Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax, Plaintiff is entitled to a judgment in his favor and against Defendant declaring that Plaintiff is not liable to Defendant for any and all 26 U.S.C. § 6672 penalties assessed against him by Defendant in connection with BHBR, BHL, BHS, CHM, and St. Luke.

## COUNT VII

94.

The averments of paragraphs 1 through 93 are incorporated herein.

95.

Because Plaintiff is not a responsible person within the scope of 26 U.S.C. § 6672 and Plaintiff did not willfully fail to pay or willfully attempt to evade or defeat payment of any tax, Plaintiff is entitled to a judgment in his favor and against Defendant cancelling any liens asserted by Defendant on account of any and all 26 U.S.C. § 6672 penalties assessed against him by Defendant in connection with BHBR, BHL, BHS, CHM, and/or St. Luke.

## COUNT VIII

96.

The averments of paragraphs 1 through 95 are incorporated herein.

97.

If Plaintiff is the prevailing party in this civil action, then he is entitled to a judgment in his favor and against Defendant for attorneys' fees and costs as allowed by 26 U.S.C. § 7430.

**WHEREFORE**, Plaintiff prays that, after due consideration, that judgment be rendered in his favor and against Defendant

1. Declaring that Plaintiff is not liable to Defendant for any and all 26 U.S.C. § 6672 penalties assessed against him by Defendant;

2. Abating any and all 26 U.S.C. § 6672 penalties assessed against him by Defendant;

3. Refunding any and all taxes paid by him on account of any and all 26 U.S.C. § 6672 penalties assessed against him by Defendant;

4.  Cancelling any and all liens asserted by Defendant on account of any and all 26
    U.S.C. § 6672 penalties assessed against him by Defendant; and

5.  Awarding attorneys' fees and costs as allowed by 26 U.S.C. § 7430.

Submitted this ___ day of _____ 2010,

By: **/s/ Louis M. Phillips**
   Louis M. Phillips (La. Bar No. 10505)
   Peter A. Kopfinger (La. Bar No. 20904)
   Ryan J. Richmond (La. Bar No. 30688)

**GORDON, ARATA, MCCOLLAM,**
   **DUPLANTIS & EAGAN, L.L.P.**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

***Attorneys for the Plaintiff,***
***Mark C. Comeaux***

**<u>PLEASE ISSUE SUMMONS TO</u>:**

United States of America, through:   Mr. Eric H. Holder, Jr.
   United States Attorney General
   United States Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington D.C. 20530

United States of America, through:   Mr. William J. Flanagan
   Acting United States Attorney
   for the Western District of Louisiana
   Attn: Civil Process Clerk
   800 Lafayette Street, Suite 2200
   Lafayette, LA 70501

Internal Revenue Service
1555 Poydras Street
New Orleans, LA 70112

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MARK C. COMEAUX,<br>            PLAINTIFF<br><br>VERSUS<br><br>UNITED STATES OF AMERICA,<br>            DEFENDANT | CIVIL ACTION NO. _____<br><br>SECTION _____<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## VERIFICATION

STATE OF LOUISIANA
PARISH OF LAFAYETTE

    Before me, the undersigned notary for Notary, for the State of Louisiana, came and appeared Mark C. Comeaux, who did state that, based on his personal knowledge, all of the allegations and averments set forth in the foregoing Complaint for Refund and Abatement are true and correct to the best of his knowledge.

_____
Mark C. Comeaux

Sworn to and signed before me,
Notary, on this 27th day of May
2010,

_____
Notary Public, State of Louisiana
Name: **ASHLEY S. GREEN**
Notary: Louisiana Bar No. 29217
My commission expires **AT DEATH**

Page 21 of 21